IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **CARLOS WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.:_____ |
| ) | **JURY DEMANDED** |
| **CITY OF OAK RIDGE, TENNESSE;** ) | |
| **TRAE SWEETEN;** and **CHARLES** ) | |
| **FAIRCLOTH** in their ) | |
| individual and official capacities, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff, Carlos Williams, and for cause of action against the Defendants would show as follows:

### I. PARTIES

1. Plaintiff Carlos Williams is a citizen and resident of Anderson County, Tennessee.

2. Defendant City of Oak Ridge, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: Warren L. Gooch, City Mayor, 200 S. Tulane Avenue, Oak Ridge, Tennessee 37831.

3. Defendant Trae Sweeten is a citizen and resident of Anderson County, Tennessee and can be served at his last known address 104 Edgehill Lane, Oak Ridge, Tennessee 37830. At all times material, Defendant Sweeten was employed and/or serving as an Officer with the Oak Ridge Police Department and was acting under color of state law. Officer Sweeten is being sued both in his individual capacity and in his official capacity.

1

4. Defendant Charles Faircloth is a citizen and resident of Knox County, Tennessee and can be served at his last known address: 8105 Corteland Dr., Knoxville, Tennessee 37909. At all times material, Defendant Faircloth was employed and/or serving as an Officer with the Oak Ridge Police Department and was acting under color of state law. Officer Faircloth is being sued both in his individual capacity and in his official capacity.

## II. STATEMENT OF JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983. See 28 U.S.C. §§ 1331, 1343(a)(3).

6. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C. § 1391(b)(1) (the district in which any defendant resides) and/or 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. STATEMENT OF FACTS

8. On October 13, 2019, Plaintiff Carlos Williams suffered a seizure while at home with his wife, Jocelyn Williams, and their two young children at 105 Jellico Lane, Oak Ridge Tennessee.

9. In response, Mrs. Williams dialed 9-1-1 for emergency assistance but the call was cut short before she had an opportunity to explain a reason for the call.

10. As a result of the 9-1-1 hang up, the City of Oak Ridge Police Department dispatched Officer Trae Sweeten to the location of the unknown emergency call.

11. While in route, Officer Sweeten became aware that the call was one for an ambulance assistance from Mrs. Williams for the seizure suffered by Mr. Williams.

12. Upon arrival, Officer Sweeten was met outside the home by Mrs. Williams who explained that Mr. Williams had suffered as seizure and required emergency medical assistance.

13. Officer Sweeten had arrived at the scene before EMS personnel and entered the home to assist Mr. Williams and to assess the situation.

14. Mrs. Williams then escorted Officer Sweeten to a bedroom in the basement of the home where he encountered Mr. Williams laying in a bed with a comforter draped around him.

15. Officer Sweeten then attempted to perform sobriety tests on Mr. Williams and noted his eyes were not responsive and that his pulse was fast and strong.

16. Following Officer Sweeten's sobriety and medical check, emergency medical assistance arrives from the City of Oak Ridge Fire Department and Anderson County EMS.

17. Personnel with the City of Oak Ridge Fire Department noted that Mr. Williams was acting confused and that he was actively refusing medical care.

18. At this time, Mr. Williams rose from the bed and left the bedroom into a small adjacent room where a dog kennel was stored. As Mr. Williams exited the bedroom, Mrs. Williams, who was standing in the doorway, was nudged out of his way.

19. Once outside the bedroom, Officer Sweeten began attempting to gain control of Mr. Williams' hands, but Mr. Williams did not wish to be detained. At this point, Officer Sweeten decided to sweep Mr. Williams leg and dropped him forcefully to the ground.

20. Mrs. Williams, in shock over the use of force against her ill husband, attempted to enter the room, and when obstructed from doing so, told Officer Sweeten that "it was blocked you idiot." Officer Sweeten immediately informed Mrs. Williams that she was under arrest.

3

21. Following Officer Sweeten's threat of arrest, and immediately after being referred to as "you idiot," Officer Sweeten and Mr. Williams began to struggle on the ground while the Officer attempted to gain control of his hands.

22. Mr. Williams finally began to relax and was assisted to his feet. It was at that point when Officer Charles Faircloth entered the scene.

23. Again, the officers attempted to place handcuffs on Mr. Williams, but he expressed that he did not want them to do so and drew his hands tightly against his body and backed away, falling across a large metal dog cage.

24. In response to Mr. Williams' non-threatening and non-violent attempts to avoid the handcuffs, Officer Faircloth opted to deploy his taser and fire it into Mr. Williams.

25. Mr. Williams then removed the electrified barbs from his skin as the officers, again, attempted to handcuff him. At this time, Officer Sweeten deployed his taser and delivered another electrical charge into Mr. Williams' body resulting in him releasing his grip on Officer Faircloth's taser.

26. Despite the second taser discharge resulting in Mr. Williams losing his grip on the taser, Officer Faircloth deployed another jolt from his weapon and began beating Mr. Williams about his head and face with his fist and taser, repeatedly using the butt of the taser as an impact weapon.

27. Following this unprovoked, unnecessary, reckless and/or violent use of force, Mr. Williams was handcuffed, removed from the home, placed into custody and transported to Methodist Medical Center in Oak Ridge, Tennessee.

28. Simultaneously, Mrs. Williams was placed into custody and arrested for an alleged assault against Officer Sweeten, leaving the couple's two young children waiting on their maternal grandmother to arrive at the home.

29. Mr. Williams suffered through this assault simply because he did not consent to medical treatment or being taken into custody for the same. He was not charged with a crime and at no time during the course of this incident did he commit any crime warranting the brutal treatment he received at the hands of the City of Oak Ridge, Tennessee Police Department.

## IV. CAUSES OF ACTION

### A. 42 U.S.C. § 1983
### Fourteenth Amendment Violation – Excessive Force; Deliberate Indifference to Plaintiff's Right to Adequate Medical Treatment for a Serious Medical Need

### Individual Liability

30. Plaintiff hereby incorporates paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. A cause of action exists under 42 U.S.C. § 1983 for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by federal law and the Constitution of the Unites States of America.

32. The Due Process Clause of the Fourteenth Amendment prohibits the individual Defendants from using excessive force against a citizen who had committed no crime.

33. Excessive force under the Fourteenth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

34. The Fourth Amendment to the United States Constitution prohibits police officers from engaging in unreasonable searches and seizures.

35. Upon information and belief, Officer Sweeten acted negligently, recklessly and/or violently by leg sweeping Mr. Williams to the floor, and tasing him, then joined by Officer Faircloth, negligently and recklessly and violently tased Mr. Williams and punched him in and about his face while he was non-threateningly and non-violently refusing to consent to medical treatment.

36. Any reasonable observer, given the facts and circumstances of this police violence, would come to the unavoidable conclusion that these Defendants' conduct was objectively unreasonable so as to be unacceptable in a civilized society and shocking to the conscious. On any objective scale, the actions and conduct of the individual Defendants constitute an arbitrary and capricious exercise of governmental power and constitutes excessive force in violation of the Due Process Clause of the Fourteenth Amendment.

37. Mr. Williams was in severe pain and distress as a result of merely suffering a seizure and not wishing to succumb to police use of force to procure non-consensual medical treatment.

38. As a result of the Officer's deliberate indifference to Mr. Williams' right to be free from excessive force and to decline medical care, he suffered physical assault, emotional distress and a violation of his right to bodily autonomy, privacy, and his right to be free from unreasonable search and seizure.

39. Plaintiff therefore sues the individual officers for their deliberate indifference to and violation of his right to be free from excessive force, his right to privacy and his right to be free from forced and compelled medical treatment. He seeks the following relief:

    a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental

and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life;

b. Attorney's fees pursuant to 42 U.S.C. § 1988.

## Municipal Liability

40. Plaintiff hereby incorporates paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The Due Process Clause of the Fourteenth Amendment prohibits Defendant City of Oak Ridge, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under 42 U.S.C. § 1983, sovereign immunity is removed, thereby allowing the citizen to recover his damages in a suit against the municipality.

42. Upon information and belief, the City of Oak Ridge, Tennessee is liable to Mr. Williams pursuant to 42 U.S.C. § 1983 based on its history of prior incidences where its officers negligently, recklessly and/or violently used excessive force against arrestees, inmates, and pre-trial detainees; this history of similar incidences constitutes a custom thereby rendering the county liable.

43. Upon information and belief, the City of Oak Ridge, Tennessee negligently and/or recklessly failed to adequately train its officers for proper tactics and procedures when said officers encounter citizens in a medical emergency and the allowable and acceptable use of force to detain such individuals. Upon information and belief, the City of Oak Ridge, Tennessee has negligently

and/or recklessly failed to adequately train its officers to recognize the proper situations where the exercise of force is allowed to detain a citizen suspected of requiring medical assistance.

44. Upon information and belief, the individual Defendants' negligent and/or reckless use or force and detention of Mr. Williams was a direct result of this negligent and/or improper training, the lack of sufficient policies and procedures, and/or custom. Upon information and belief, had the officers been properly trained, they would have employed other tactics in dealing with Mr. Williams which would not have resulted in a deprivation of his constitutional rights.

45. In this case, the individual Defendants' negligent, reckless and/or violent use of force against the non-violent, non-threatening Mr. Williams evidences a negligent and reckless and complete lack of training in proper procedures and methods related to dealing with individuals such as Mr. Williams.

46. Additionally, a governmental entity may be held liable where its supervisory officials and officers ratify an illegal action of lower-tier officers and employees.

47. Upon information and belief, supervisory officers and officials of the City of Oak Ridge, Tennessee, including but not necessarily limited to the City of Oak Ridge, Tennessee Police Department and the chief of police, engaged in a reckless and/or negligent attempt to avoid liability and embarrassment by not pursuing criminal charges and/or disciplinary actions against Officers Sweeten and Faircloth for their involvement in the application of violence and detention of Mr. Williams, a citizen who's only wish was to not be handcuffed, tases, beaten and compelled to receive non-consensual medical treatment.

48. These actions of the supervisory officers/officials constitute ratification under section 1983 precedent, and likewise render the City of Oak Ridge, Tennessee liable to Mr. Williams.

49. The City of Oak Ridge, Tennessee is liable to Mr. Williams because its customs, policies, and procedures were the proximate cause of the individual officers' deliberate indifference to Mr. Williams' constitutional right to be free from the use of negligent, reckless and excessive force and to be free from unreasonable searches and seizures for exercising his personal right to reject medical attention.

50. Mr. Williams therefore sues the City of Oak Ridge, Tennessee and seeks the following relief:

    a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life; and

    b. Attorney's fees pursuant to 42 U.S.C. § 1988.

### B. Tenn. Code Ann. § 29-20-202 et seq. Tennessee Governmental Tort Liability Act – Negligence

51. Plaintiff hereby incorporates paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. The City of Oak Ridge, Tennessee was at all times hereto responsible for the operation and the supervision of its police officers.

53. Pursuant to the Tennessee Governmental Tort Liability Act, the Defendants owed Mr. Williams a duty of care to be free from excessive force and to provide him bodily autonomy when he was not committing a crime and engaging in non-violent, non-threatening denial of medical attention.

54. Moreover, the City of Oak Ridge, Tennessee owed a duty of care to reasonably train its police officers in the proper application of force in situations involving members of the public in the position of Mr. Williams.

55. The City of Oak Ridge, Tennessee owed a duty of care to reasonably supervise the police officers in its employment to ensure that such officers are not engaging in a pattern of behavior which would lead a reasonable employer to be aware of the foreseeable risk of similar behavior in the future.

56. These Defendants breached the duty of care as set forth herein and are therefore liable to Mr. Williams pursuant to the Act.

57. Mr. Williams sues these Defendants under the Act for all the reasons previously set forth herein, which are causally related to his injuries, and seeks money damages in the maximum amount allowed pursuant to the Tennessee Governmental Tort Liability Act.

**Tennessee Governmental Tort Liability Act – Assault**

58. Plaintiff hereby incorporates paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. The City of Oak Ridge, Tennessee was at all times hereto responsible for the operation and the supervision of its police officers.

60. Plaintiff alleges that Defendants Sweeten and Faircloth, police officers of the City of Oak Ridge, Tennessee Police Department acting within the course and scope of their employment, intentionally, knowingly and/or recklessly made physical contact with Mr. Williams.

61. Plaintiff further alleges that such intentional, knowing and/or reckless contact caused Mr. Williams physical injury, that such contact was of a type that a reasonable person

would regard as extremely offensive and provocative, and placed Mr. Williams in reasonable fear of imminent bodily injury.

62. As a result of negligence and intentional actions of the City of Oak Ridge, Tennessee's Police Department, Mr. Williams suffered both physical and mental injuries that he would not have otherwise endured.

### C. Intentional Infliction of Emotional Distress Claim
### Against Individual Defendants

63. Plaintiff hereby incorporates paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. As described above, the conduct of Defendants Sweeten and Faircloth on October 13, 2019 was reckless, extreme and outrageous, including without limitation using malicious and excessive force against Mr. Williams without provocation or justification, humiliating him, and inflicting serious physical harm to Mr. Williams and then subjecting him to public humiliation by forcefully taking him from his home in handcuffs and placing him in a police cruiser in full view of his friend, family and neighbors.

65. Defendants recklessly, negligently and intentionally inflicted emotional distress upon Mr. Williams when engaging in this conduct, and/or knew that there was a high probability that such conduct would result in such distress.

66. Defendants' negligent and/or reckless conduct caused Mr. Williams to suffer severe emotional distress that no reasonable person could be expected to endure.

### V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Carlos Williams respectfully requests this Honorable Court grant relief as follows:

    a. Issue process, requiring the Defendants to answer this Complaint;

11

Case 3:20-cv-00437-TRM-DCP   Document 1   Filed 10/13/20   Page 11 of 12   PageID #: 11

b. Empanel a jury to try this cause;

c. Award compensatory damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $1,000,000.00;

d. Award compensatory damages against all Defendants in the maximum amount allowed under the Tennessee Governmental Tort Liability Act;

e. Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988;

f. Award costs of this action including discretionary costs;

g. Award any other or further relief to which he may be entitled.

Respectfully submitted this 13th day of October, 2020.

/s/Marcos M. Garza
Marcos M. Garza (BPR 021483)
Jeffrey H. Glaspie (BPR 033311)
Timothy L. Baldridge (BPR 015777)
**GARZA LAW FIRM, PLLC**
550 W. Main Street, Suite 340
Knoxville, TN 37902
E-mail: info@garzalaw.com
Phone: (865) 540-8300
Fax: (865) 474-9397